UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THEOPHILUS E. GREEN,

      Plaintiff,

v.                                    Case No. 8:16-cv-203-T-33TGW

NANCY L. VOIGHT, U.S. ATTORNEY,
LEE BENTLEY, III, MIDDLE DISTRICT
OF FLORIDA U.S. ATTORNEY GENERAL,
LORETTA LYNCH, DEPARTMENT OF
JUSTICE, ROBERT MCDONALD, U.S.
SECRETARY OF VETERAN AFFAIRS,
COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION SYLVIA MAXWELL
BURWELL, U.S. DEPARTMENT OF
HEALTH AND HUMAN SERVICES JACK
LEW, U.S. DEPARTMENT OF TREASURY
BLUE CROSS BLUE SHIELD OF ILLINOIS,

      Defendants.

_____/

**ORDER**

This matter comes before the Court pursuant to pro se
Plaintiff Theophilus E. Green's Motion for Temporary
Restraining Order (Doc. # 2), which was filed on January 26,
2016.  As explained below, the Court denies Green's request
for a Temporary Restraining Order.

**Discussion**

Green filed a sprawling 39-page "Complaint for
Declaratory and Injunctive Relief 'Three-Judge District Court
Requested'" against both governmental and private entities on
January 26, 2016. (Doc. # 1).  The Complaint is not divided

into Counts and addresses a broad range of topics. Unfortunately, despite a diligent review, the Court is unable to ascertain the relief that Green is seeking with any degree of certainty. Green specifies that the Court's exercise of subject matter jurisdiction is predicated upon the application of 42 U.S.C. § 1983, but the Complaint contains lengthy statements that do not appear to relate to any claims for relief. For instance, page 24 of the Complaint states:

> Wherefore the Plaintiff alleges that there existed sufficient reason for a "reasonable man" to believe that ongoing professional licensure fraud in Illinois involving Chicago mayors and death penalty violations consequent of Richard M. Daley's obvious legal incompetence, Fitzgerald's prosecutorial discretionary abuse benefitting Gov. George Ryan, the presentation of a "Dr. Phil" as a professional psychologist by an Illinois despite numerous consumer complaints voi[ced] during the term of Gov. Ryan, the manipulation of the audience membership in Winfrey's fraudulent 276 car giveaway promotion that served as a "Thank You" to wives and relatives of federal prosecutors, ongoing licensure and child abuse protections benefitting the religion of USA Fitzgerald and other Illinois law enforcement officials, the numerous constitutional violations obstructing the plaintiff's due process at all state and federal prosecutorial and judicial levels, if anyone of the violations had been reviewed by agents of the U.S. defendants, sufficient interest would have uncovered frauds that would have uncovered the Plos-Hurwitz-Benden-Goodman-Fitzgerald-Madigan retaliatory conspiracy and minimized all damages to the plaintiff.

(Doc. # 1 at 24).

In conjunction with the filing of the Complaint, Green

2

filed the present Motion requesting the issuance of a Temporary Restraining Order. (Doc. # 2). A party seeking a Temporary Restraining Order must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs any harm relief would inflict on the non-movant; and (4) that entry of relief would serve the public interest." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1226 (11th Cir. 2005). As the Plaintiff, Green bears the heavy burden of persuasion as to each factor. Canal Auth. of Fla. v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974).[1]

Here, Green's submission completely fails to address, and accordingly, fails to establish, the existence of all required elements. To begin, it is not clear what Green is alleging in his Complaint, but he has not supplied additional information in his TRO motion demonstrating that he is likely to prevail on the merits in this suit. Nor has Green even included the blanket averment that he is likely to succeed on the merits of any of his claims or contentions.

In addition Green has not described with particularity

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the Fifth Circuit Court of Appeals prior to the close of business on September 30, 1981, as binding precedent.

any pending action or scenario which places him at risk of suffering an irreparable injury. Instead of describing the specific facts that Green believes give rise to a right to relief, Green includes vague conclusions, untethered to supporting factual allegations. For instance, Green indicates as to irreparable injury:

> As a consequence of USVA frauds, the plaintiff has been rendered homeless and economically defenseless by state and federal agencies acting in violation of his rights as a veteran, elder protection laws and the American's with Disabilities Act and his health, welfare and due rights as an honorably discharged U.S.A.F. veteran and an American born citizen, of American born parents and grand-parents have all been removed causing eviction, healthcare collapse and irreparable injury.

(Doc. # 2 at ¶ 4). Green's Motion, while lengthy, does not demonstrate to the Court that he faces the risk of an irreparable injury.

Green also fails to explain to the Court why the threatened injury outweighs any harm relief would inflict on the non-movant Defendants.  Instead, Green has included inflammatory remarks regarding the Catholic Church and has strung together other, wide ranging, hot-button issues, none tied to whether granting a Temporary Restraining Order would serve the public interest.  These failures warrant denial of Green's request for a Temporary Restraining Order.

4

Furthermore, the Court notes that Local Rule 4.05, which

addresses Temporary Restraining Orders, states:

all applications for temporary restraining orders must be
presented as follows:

(1)   The request for the issuance of the temporary
      restraining order should be made by a separate motion
      entitled "**Motion for Temporary Restraining Order**".

(2)   The motion must be supported by allegations of
      specific facts shown in the verified complaint or
      accompanying affidavits, not only that the moving
      party is threatened with irreparable injury, but that
      such injury is so imminent that notice and a hearing
      on the application for preliminary injunction is
      impracticable if not impossible (Rule 65(b), Fed. R.
      Civ. P.)

(3)   The motion should also: (i) describe precisely the
      conduct sought to be enjoined; (ii) set forth facts
      on which the Court can make a reasoned determination
      as to the amount of security which must be posted
      pursuant to Rule 65(c), Fed. R. Civ. P.; (iii) be
      accompanied by a proposed form of temporary
      restraining order prepared in strict accordance with
      the several requirements contained in Rule 65(b) and
      (d), Fed. R. Civ. P.; and (iv) should contained or be
      accompanied by a supporting legal memorandum or
      brief.

(4)   The brief or legal memorandum submitted in support of
      the motion must address the following issues: (i) the
      likelihood that the moving party will ultimately
      prevail on the merits of the claim; (ii) the
      irreparable nature of the threatened injury and the
      reason that notice cannot be given; (iii) the
      potential harm that might be caused to the opposing
      parties or others if the order is issued; and (iv)
      the public interest, if any.

Id.

Here, Green ignores these important requirements.   The

5

Complaint is not verified, and Green has not submitted an affidavit in support of the Motion for a Temporary Restraining Order explaining why he is threatened with an irreparable injury.  In addition, the Motion fails to set forth facts on which the Court can make a reasoned determination as to the amount of security that must be posted pursuant to Rule 65(c), Fed. R. Civ. P.   The Motion is also deficient because it is not supported by a legal memorandum addressing such required issues as the likelihood that Green will succeed on the merits of his claims, irreparable injury, harm to opposing parties and others, and the public interest. Most glaringly, Green has failed to describe the precise conduct that he seeks to enjoin.   Thus, the Court denies the Motion for Temporary Restraining Order.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Pro se Plaintiff Theophilus E. Green's Motion for Temporary Restraining Order (Doc. # 2) is **DENIED.**

**DONE** and **ORDERED** in Chambers, Tampa, Florida, this 27th day of January, 2016, at 9:30 AM.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

6